CT Corporation

**Service of Process
Transmittal**
06/23/2015
CT Log Number 527352199

TO: Brett Coco
LifePoint Health, Inc.
330 Seven Springs Way
Brentwood, TN 37027-5098

RE: **Process Served in Kentucky**

FOR: Kentucky MSO, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Estate of George Estill Harris by Darrin Estill Harris, Administrator, Pltf. vs. Kentucky MSO, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Civil Summons, Complaint, Interrogatories, Request(s) |
| **COURT/AGENCY:** | Scott County Circuit Court, KY<br>Case # 15CI349 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - On or about 04/03/15 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/23/2015 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day of delivery |
| **ATTORNEY(S) / SENDER(S):** | Charles C. Adams, Jr.<br>Herren & Adams<br>148 N. Broadway<br>Lexington, KY 40507<br>859-254-0024 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/24/2015, Expected Purge Date: 06/29/2015<br>Image SOP<br>Email Notification, Brett Coco brett.coco@lpnt.net<br>Email Notification, David Fausett david.fausett@lpnt.net<br>Email Notification, Debbie McGee debbie.mcgee@lpnt.net<br>Email Notification, Melissa Todd melissa.todd@lpnt.net<br>Email Notification, Michelle Walker MICHELLE.WALKER@LPNT.NET<br>Email Notification, Felicia Johnson felicia.johnson@lpnt.net<br>Email Notification, Virginia Smith Virginia.smith2@lpnt.net |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>717-234-6004 |

Page 1 of 1 / NW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



$12.330
US POSTAGE
FIRST-CLASS
062S0007784421
40507

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7015 0640 0007 2482 2103

CT CORPORATION SYSTEM
306 W MAIN STREET
SUITE 512
FRANKFORT KY 40601

HON KAREN BOEHM
CLERK SCOTT CIRCUIT COURT
JUSTICE BUILDING
119 N HAMILTON STREET
GEORGETOWN KY 40324

| AOC-105       Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. *15-CI-349*<br><br>Court   ☑ Circuit ☐ District<br><br>County   Scott |

**PLAINTIFF**

ESTATE OF GEORGE ESTILL HARRIS by DARRIN ESTILL HARRIS, Administrator

**VS.**

**DEFENDANT**

KENTUCKY MSO, LLC

**Service of Process Agent for Defendant:**

KENTUCKY MSO, LLC

c/o CT Corporation System

306 W. Main Street, Suite 512

| Frankfort | Kentucky | 40601 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

      You are hereby notified **a legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

      The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _6-10_____, 2 _0 15_       _Karen Bohm_____ Clerk

                                  By: _Jamie Smith_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                    Served by: _____

                                                  _____ Title

COMMONWEALTH OF KENTUCKY
SCOTT CIRCUIT COURT
CIVIL BRANCH
DIVISION __/__

*15-CI-399*

FILED

JUN 1 0 2015

KAREN BOEHM, CLERK
SCOTT CIRCUIT COURT

ESTATE OF GEORGE ESTILL HARRIS by
DARRIN ESTILL HARRIS, Administrator                                    PLAINTIFF


V.                                    **COMPLAINT**


KENTUCKY MSO, LLC and LIFEPOINT
OF KENTUCKY, LLC, d/b/a GEORGETOWN
FAMILY PHYSICIANS and GEORGETOWN
FAMILY PRACTICE                                                       DEFENDANTS

\* \* \* \* \* \* \*

Comes the plaintiff, by counsel, and for his Complaint, states and pleads as follows:

1.      Darrin Estill Harris is the duly appointed administrator of the estate of his father,

George Estill Harris, deceased, having been appointed by order of the Scott District Court, Probate

Division, on October 27, 2014.  (Copy attached).

2.      Defendant, Kentucky MSO, LLC, is a for-profit company which owns and/or

operates medical practices and other entities which provide medical care, treatment and services

in Kentucky and defendant, Kentucky MSO, LLC, is subject to the jurisdiction of this Court and

is subject to service of process upon its registered agent:  CT Corporation System, 306 W. Main

Street, Suite 512, Frankfort, Kentucky 40601.

3.      Defendant, Lifepoint of Kentucky, LLC, is a for-profit company which owns and/or

operates medical practices and other entities which provide medical care, treatment and services

in Kentucky and defendant, Lifepoint of Kentucky LLC, is subject to the jurisdiction of this Court

and is subject to service of process upon its registered agent:  CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

4.      During 2014, specifically including April 3, 2014 and June 26, 2014, George Estill Harris was under the care of and was treated by Raymond Wechman, M.D., in Georgetown, Scott County, Kentucky, and at all times relevant here, Dr. Wechman was acting as the employee and/or agent of defendants, Kentucky MSO, LLC, and/or Lifepoint of Kentucky, LLC, or both of them, and defendants are liable for the negligent acts and omissions of Dr. Wechman with regard to George Estill Harris.

5.      On or about April 3, 2014, defendants' employee and/or agent, Raymond Wechman, M.D., negligently prescribed the drug Metformin for George Estill Harris which was contraindicated due to Mr. Harris' history of renal failure.

6.      Thereafter, on or about June 26, 2014, defendants' employee and/or agent, Raymond Wechman, M.D., saw his patient, George Estill Harris, for an office visit to review Mr. Harris' medications, and at that time, Dr. Wechman negligently continued Mr. Harris on the contraindicated medication, Metformin.

7.      Dr. Wechman's negligent prescription of Metformin to George Estill Harris caused sickness and personal injuries to Mr. Harris and was a substantial contributing factor to his premature death.

8.      As a result of Dr. Wechman's negligence, the Estate of George Estill Harris has incurred damages in excess of the jurisdictional amount of this Court, including personal injuries, pre-death pain and suffering, medical expense, wrongful death funeral and administrative expenses and other damages recoverable under Kentucky law.

WHEREFORE, plaintiff demands judgment against the defendants for damages in a total amount in excess of the jurisdictional limit of this Court, his costs and expenses incurred herein, pre-judgment and post-judgment interest, and judgment for all other relief to which he may appear entitled, including trial by jury.

Respectfully submitted,

HERREN & ADAMS
148 N. Broadway
Lexington, KY 40507
(859) 254-0024
(859) 254-5991 (fax)
chuck.adams@herrenadams.com


_____
CHARLES C. ADAMS, JR.
ATTORNEY FOR PLAINTIFF

c:\documents\cca\pldgs\har657.com.docx

3

COMMONWEALTH OF KENTUCKY                    JUN 1 0 2015
SCOTT CIRCUIT COURT
CIVIL BRANCH
DIVISION _1_
*15-CI-349*

ESTATE OF GEORGE ESTILL HARRIS by
DARRIN ESTILL HARRIS, Administrator                          PLAINTIFF

V.                    **PLAINTIFF'S INTERROGATORIES,**
**FIRST REQUESTS FOR ADMISSIONS AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

KENTUCKY MSO, LLC and LIFEPOINT
OF KENTUCKY, LLC, d/b/a GEORGETOWN
FAMILY PHYSICIANS and GEORGETOWN
FAMILY PRACTICE                                              DEFENDANTS

\* \* \* \* \* \* \*

Comes the plaintiff, Darrin Estill Harris, Administrator of the Estate of George Estill
Harris, by counsel, and submits the following Interrogatories, Requests for Admissions and
Requests for Production of Documents to the Defendants, Kentucky MSO, LLC and Lifepoint of
Kentucky, LLC, and each of them separately, pursuant to CR 33 and 34. Under CR 33.02, a proper
interrogatory may relate to the application of law to fact. These Interrogatories, Requests for
Admission and Requests for Production of Documents are to be responded to pursuant to the
Kentucky Rules of Civil Procedure and supplemented by the Defendants if they obtain further
information directly or indirectly of the nature sought herein between the time of response to the
requests and the time of trial.

**REQUEST FOR ADMISSION NO. 1:**  Please admit that at the time of Raymond
Wechman, M.D.'s care and treatment of George Estill Harris as described more fully in paragraphs
4 – 6 in plaintiff's Complaint, Dr. Wechman was your employee.

**RESPONSE:**

**INTERROGATORY NO. 1:**   If you, the defendant, deny the foregoing Request for Admission in whole or in part, please describe the business relationship between you and Dr. Wechman in detail, and if there was an oral contract between the two of you, please describe the details of that contract in detail.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 1:**   Please provide a true, accurate and complete copy of any written contract, memorandum of understanding or other agreement of any kind or nature, by whatever name called, between you, the defendant, and Raymond Wechman, M.D., for the time period discussed in paragraphs 4 – 6 of plaintiff's Complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**     Please admit that at the time of Raymond Wechman, M.D.'s care and treatment of George Estill Harris as described more fully in paragraphs 4 – 6 in plaintiff's Complaint, Dr. Wechman was acting as your agent.

**RESPONSE:**

**INTERROGATORY NO. 2:**   If you, the defendant, deny the foregoing Request for Admission in whole or in part, please describe the business relationship between you and Dr. Wechman in detail, and if there was an oral contract between the two of you, please describe the details of that contract in detail.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 2:**   Please provide a true, accurate and complete copy of any written contract, memorandum of understanding or other agreement of any kind or

2

nature, by whatever name called, between you, the defendant, and Raymond Wechman, M.D., for the time period discussed in paragraphs 4 – 6 of plaintiff's Complaint.

**INTERROGATORY NO. 3**: Please give the names, addresses and telephone numbers of all persons with knowledge about any of the facts and circumstances surrounding the medical treatment in question, plaintiff's injuries and damages, your defenses or any of the other issues herein and identify, with specificity, the subject matter of the knowledge held by such persons.

**ANSWER**:

**INTERROGATORY NO. 4**: Please state whether any person identified in your answer to Interrogatory No. 1 has given any statement or account, either oral, written or taped, of his or her knowledge of any issue in this case, and if so, the substance of same, date given and whether the statement or account was recorded, transcribed and/or signed. **This interrogatory specifically includes incident reports by whatever name called.**

**ANSWER**:

**INTERROGATORY NO. 5**: With regard to any expert witness you expect to call at trial, please provide the expert's name, address, area of expertise and resume or curriculum vitae. In addition, please state the subject matter on which the expert is expected to testify, as well as the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER**:

**INTERROGATORY NO. 6**: Do you, your agents, attorneys, servants, employees or representatives, including your insurance carrier, or anyone else under your control, possess a written or taped statement (of any kind) of plaintiff? If so, please identify the person who took the statement by name, address and employer and, pursuant to CR 26.02, please provide copies of all such statements.

**ANSWER**:

3

**INTERROGATORY NO. 7**:  Do you, the defendant, claim that any person or entity other than yourself is responsible, either wholly or partially, for plaintiff's injuries, and/or damages?  If so, please identify any such person or entity by name and current address, and state the facts upon which you rely that such person or entity is wholly or partially responsible.

**ANSWER**:

**INTERROGATORY NO. 8**:  Please identify by the name of the insurance company and policy number all insurance agreements, policies or contracts under which an insurance company may be liable to satisfy part or all of a judgment which may be entered in favor of plaintiff in this action, and further please state:

    (a)      The limits of coverage;

    (b)      Whether the insurance company has asserted any policy defenses, lack of coverage or reservation of rights; and,

    (c)      Whether the insurance is primary, excess or umbrella.

**ANSWER**:

**INTERROGATORY NO. 9**:  Please identify in detail all other lawsuits alleging negligence which have ever been filed against defendants.  Please include information as to the jurisdiction, the style or caption of the case, the case number and the name, address and telephone number of the attorneys involved on both sides.

**ANSWER**:

**INTERROGATORY NO. 10**:  Please list and identify with specificity all exhibits you intend to use, introduce or refer to at the trial of this action and please provide a copy of same.

**ANSWER**:

**INTERROGATORY NO. 11**:  Please identify each and every person whom you expect to all as a witness at the trial of this matter and please provide each witness's name, address and telephone number and a summary of the facts to which the witness is expected to testify.

**ANSWER**:

4

**REQUEST FOR PRODUCTION NO. 3**:  Please produce a Bates-stamped copy of the entire original chart for George Estill Harris at the facility, as well as all other documents (e.g., admission records, insurance records, incident reports, e-mails, etc.) or electronic data in your possession or under your control pertaining to plaintiff, including but not limited to the following:

(a) Electronic medical record (EMR), electronic health record (EHR), with coordinating audit tool/trail;

(b) Admission and Discharge documents and summaries;

(c) Patient and/or Resident Information sheets and/or "Facesheets";

(d) Patient and/or Resident Assessments Protocols (RAPs);

(e) Minimum Data Sets (MDS);

(f) Care Plans;

(g) Physician's Notes;

(h) Physician's Orders;

(i) Operative Notes and Records;

(j) Lab Reports, Slips and Data;

(k) Nursing Notes;

(l) Medication Administration Records (MARs);

(m) Treatment Records;

(n) CNA Flowsheets;

(o) Activities for Daily Living (ADLs);

(p) Social Service Notes;

(q) Advance Directives, including Acknowledgement of Resident's Rights, Living Will, Do Not Resuscitate Orders (DNR), Consent Forms;

(r)     Diagnosis, including EKG's, x-rays, laboratory studies or other test performed during the residency;

(s)     Nutritional Notes, including intake, output and elimination records;

(t)     Rehabilitation Notes;

(u)     Miscellaneous Assessments, including behavior monitors, pressure sore risk assessments and bowel and bladder assessments; and

(v)     Medicare, Medicaid and/or Health Insurance cards, including supplemental insurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**:   Please produce a certified copy of any and all medical bills in your possession or under your control pertaining to plaintiff, **including the UB04 (diagnosis summary and attestation sheet).**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**:   Please identify and provide a complete copy of all learned treatises, textbook excerpts, journal articles, studies, literature, etc., that you intend to use at trial with any witness or in any other manner.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**:   Please provide a copy of all exhibits you intend to use, introduce or refer to at trial, specifically including "demonstrative" exhibits which you intend to show to a jury, but may not necessarily mark and introduce into evidence.

· **RESPONSE:**

6

Respectfully submitted,

HERREN & ADAMS
148 N. Broadway
Lexington, KY  40507
(859) 254-0024
(859) 254-5991 (fax)
chuck.adams@herrenadams.com


_____
CHARLES C. ADAMS, JR.
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and complete copy of the foregoing Interrogatories, Requests for Admission and Requests for Production of Documents to Defendant has been served to the Defendant with Summons and Complaint.


BY:    _____
CHARLES C. ADAMS, JR.
ATTORNEY FOR PLAINTIFF


c:\documents\cca\pldgs\har657.int-rfp.docx

7

**COMMONWEALTH OF KENTUCKY**
**SCOTT CIRCUIT COURT**
**DIVISION I**
**CIVIL ACTION NO. 15-CI-00349**



FILED
JUL 1 3 2015
KAREN BOEHM. CLERK
SCOTT CIRCUIT COURT

**ESTATE OF GEORGE ESTILL HARRIS by**
**DARRIN ESTILL HARRIS, Administrator**                              **PLAINTIFF**

**ANSWER OF DEFENDANT**
v.         **KENTUCKY MSO, LLC d/b/a GEORGETOWN**
**FAMILY PHYSICIANS**

**KENTUCKY MSO, LLC d/b/a GEORGETOWN**
**FAMILY PHYSICIANS and**
**LIFEPOINT OF KENTUCKY, LLC**                              **DEFENDANTS**

******

Comes the Defendant, Kentucky MSO, LLC, d/b/a Georgetown Family Physicians (hereinafter referred to as Defendant), by counsel, and for its Answer to the Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Without waiving its denial of liability to Plaintiff, Defendant states that all damages to the Plaintiff alleged in the Complaint may have been caused in whole or in part by Plaintiff's own negligence and, as such, Plaintiff's claims are barred in whole or in part.

### THIRD DEFENSE

Without waiving its denial of liability to Plaintiff, Defendant states that Plaintiff's injuries and damages may have been caused in whole or in part by the acts, omissions and/or negligence

of other persons and/or third parties not under the direction and control of Defendant, and said acts, omissions or negligence constitute either a complete or partial bar to recovery herein.

### FOURTH DEFENSE

Without waiving its denial of liability to the Plaintiff, Defendant states that any injuries and damages to Plaintiff resulted in whole or in part from intervening acts and/or superceding causes over which this Defendant had no control or for which this Defendant had no responsibility or liability.

### FIFTH DEFENSE

Without waiving its denial of liability to the Plaintiff, Defendant states that the Plaintiff may have failed to mitigate the damages.

### SIXTH DEFENSE

Without waiving its denial of liability to the Plaintiff, Defendant states that any injuries and damages of which Plaintiff complains were caused and brought about by a pre-existing condition of Plaintiff which was neither caused by nor aggravated in any way by this Defendant.

### SEVENTH DEFENSE

Except as affirmatively admitted, every allegation of the Plaintiff's Complaint is denied.

### EIGHTH DEFENSE

Defendant provisionally pleads as affirmative defenses those defenses of Kentucky Civil Rule 8.03 as though fully restated herein, said defenses' applicability to be determined during discovery, and Defendant reserves the right to assert additional defenses, whether affirmative or otherwise, about which it presently lacks sufficient knowledge or information but which may become available during the course of this litigation through discovery or other means.

**NINTH DEFENSE**

1.      This Defendant is without sufficient information to form a belief with respect to the allegations contained in paragraph nos. 1 and 3 and therefore denies them.

2.      With respect to paragraph no. 2, Defendant admits that Kentucky MSO, LLC, operates medical practices which provide medical care, treatment and services in Kentucky. Defendant denies the remaining allegations contained in this paragraph.

3.      With respect to the allegations in paragraph no. 4, Defendant admits that in April and June 2014, Raymond Wechman, M.D., was an employee of Kentucky MSO, LLC d/b/a Georgetown Family Physicians.  Defendant denies all allegations of negligence contained in this paragraph directed against it.  The remaining allegations in this paragraph either do not apply to this Defendant or this Defendant is without sufficient information to form a belief as to these allegations and therefore denies them.

4.      The allegations contained in paragraph nos. 5, 6, 7 and 8 pertaining to this Defendant are denied.

WHEREFORE, Defendant, Kentucky MSO, LLC, d/b/a Georgetown Family Physicians, having answered the Plaintiff's Complaint, demand as follows:

1.      That the Complaint against it be dismissed with prejudice;

2.      For its costs herein expended;

3.      For leave to file an amended pleading upon completion of discovery; and

4.      All other appropriate relief to which they may now or hereafter appear to be entitled.

Respectfully submitted,

THOMPSON MILLER & SIMPSON PLC

3

B. Todd Thompson, Esq.
Millicent A. Tanner
734 W. Main Street, Suite 400
Louisville, KY 40202
(502) 585-9900
*Counsel for Defendant Kentucky MSO, LLC,*
*d/b/a Georgetown Family Physicians*

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and complete copy of the foregoing was this 10th day of July, 2015, mailed to the following:

Charles C. Adams, Jr.
Herren & Adams
148 N. Broadway
Lexington, KY 40507
(859)254-0024
chuck.adams@herrenadams.com

P. Todd Tremaine

*Counsel for Defendant*
*Kentucky MSO, LLC, d/b/a Georgetown Family Physicians*

5

**COMMONWEALTH OF KENTUCKY**
**SCOTT CIRCUIT COURT**
**DIVISION I**
**CIVIL ACTION NO. 15-CI-00349**

FILED
JUL 1 3 2015
KAREN BOEHM, CLERK
SCOTT CIRCUIT COURT

ESTATE OF GEORGE ESTILL HARRIS by
DARRIN ESTILL HARRIS, Administrator                    **PLAINTIFF**

**ANSWER OF DEFENDANT**
v.                    **LIFEPOINT OF KENTUCKY, LCC**

KENTUCKY MSO, LLC, d/b/a GEORGETOWN
FAMILY PHYSICIANS and
LIFEPOINT OF KENTUCKY, LLC                    **DEFENDANTS**

******

Comes the Defendant, Lifepoint of Kentucky, LLC (hereinafter referred to as Defendant),

by counsel, and for its Answer to the Plaintiff's Complaint, states as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can

be granted.

**SECOND DEFENSE**

Without waiving its denial of liability to Plaintiff, Defendant states that all damages to

the Plaintiff alleged in the Complaint may have been caused in whole or in part by Plaintiff's

own negligence and, as such, Plaintiff's claims are barred in whole or in part.

**THIRD DEFENSE**

Without waiving its denial of liability to Plaintiff, Defendant states that Plaintiff's

injuries and damages may have been caused in whole or in part by the acts, omissions and/or

negligence of other persons and/or third parties not under the direction and control of Defendant,

and said acts, omissions or negligence constitute either a complete or partial bar to recovery

herein.

### FOURTH DEFENSE

Without waiving its denial of liability to the Plaintiff, Defendant states that any injuries and damages to Plaintiff resulted in whole or in part from intervening acts and/or superceding causes over which this Defendant had no control or for which this Defendant had no responsibility or liability.

### FIFTH DEFENSE

Without waiving its denial of liability to the Plaintiff, Defendant states that the Plaintiff may have failed to mitigate the damages.

### SIXTH DEFENSE

Without waiving its denial of liability to the Plaintiff, Defendant states that any injuries and damages of which Plaintiff complains were caused and brought about by a pre-existing condition of Plaintiff which was neither caused by nor aggravated in any way by this Defendant.

### SEVENTH DEFENSE

Except as affirmatively admitted, every allegation of the Plaintiff's Complaint is denied.

### EIGHTH DEFENSE

Defendant provisionally pleads as affirmative defenses those defenses of Kentucky Civil Rule 8.03 as though fully restated herein, said defenses' applicability to be determined during discovery, and Defendant reserves the right to assert additional defenses, whether affirmative or otherwise, about which it presently lacks sufficient knowledge or information but which may become available during the course of this litigation through discovery or other means.

### NINTH DEFENSE

1.     This Defendant is without sufficient information to form a belief with respect to

the allegations contained in paragraph nos. 1 and 2 and therefore denies them.

    2.    Defendant denies all allegations contained in paragraph no. 3.

    3.    With respect to the allegations in paragraph no. 4, Defendant denies that Raymond Wechman, M.D., was or is an employee of Lifepoint of Kentucky, LLC, and Defendant denies all allegations of negligence against it. The remaining allegations in this paragraph either do not apply to this Defendant or this Defendant is without sufficient information to form a belief as to these allegations and therefore denies them.

    4.    The allegations contained in paragraph nos. 5, 6, 7 and 8 pertaining to this Defendant are denied.

    WHEREFORE, Defendant, Lifepoint of Kentucky, LLC, having answered the Plaintiff's Complaint, demand as follows:

    1.    That the Complaint against it be dismissed with prejudice;

    2.    For its costs herein expended;

    3.    For leave to file an amended pleading upon completion of discovery; and

    4.    All other appropriate relief to which they may now or hereafter appear to be entitled.

                    Respectfully submitted,

                    THOMPSON MILLER & SIMPSON PLC

                    *B. Todd Thompson*

                    B. Todd Thompson, Esq.
                    Millicent A. Tanner
                    734 W. Main Street, Suite 400
                    Louisville, KY 40202
                    (502) 585-9900
                    *Counsel for Defendant Lifepoint of*
                    *Kentucky, LLC*

CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing was this 10th day of July, 2015, mailed to the following:

Charles C. Adams, Jr.
Herren & Adams
148 N. Broadway
Lexington, KY  40507
(859)254-0024
chuck.adams@herrenadams.com

*Counsel for Defendant Lifepoint of Kentucky, LLC*

4